UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANE JOSEPH BOLAND DOYLE,<br><br>               Plaintiff,<br><br>   v.<br><br>AMERICAN CHEMICAL SOCIETY,<br><br>               Defendant. | Civil Action No. 1:22-cv-02591 (JMC) |

## MEMORANDUM OPINION

In June 2022, Plaintiff Shane Joseph Boland Doyle filed a Complaint against Defendant American Chemical Society (ACS) in the Superior Court of the District of Columbia.[1] *See* ECF 1-1. Doyle alleges that the ACS discriminated against him on the basis of his disability and committed a litany of torts including defamation, invasion of privacy, fraud, and intentional infliction of emotional distress. *Id.* at 4. He seeks, among other things, damages and a protective order against the ACS Human Resources department. *Id.*

The ACS removed the case to federal court, invoking this Court's federal question jurisdiction as the basis for removal. *See* ECF 1. The ACS then filed a Motion to Dismiss arguing that Doyle failed to satisfy the pleading requirements outlined in Fed. R. Civ. P 8(a). ECF 5 at 2–3. Namely, the ACS argues that Doyle did not include enough factual assertions to support the claims alleged in his Complaint. *Id.* at 3. The ACS also argues that Doyle's fraud claim fails to meet the heightened pleading standard specified by Fed. R. Civ. P. 9(b). *See id.* at 2.

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

1

Doyle responded to the ACS's Motion to Dismiss. ECF 8. He argues that his Complaint is sufficient and makes no mention of seeking to amend his Complaint or drop any claims. As an Exhibit to his Response, however, he attached a new Complaint written on this District's template form for employment discrimination claims. *See* ECF 8-1 at 26–38. This new Complaint includes more factual details than Doyle's original Complaint, *compare id.* at 30 *with* ECF 1-1 at 4–5, but alleges different legal claims. Whereas the original Complaint includes a litany of tort claims, the new Complaint alleges only claims related to discrimination. It is not clear whether Doyle meant to supplement his allegations or supersede his original complaint.[2]

The Court concludes that these inconsistencies prevent the ACS from having notice of the claims against which it must defend. The Court therefore grants the ACS's Motion to Dismiss. However, because Doyle could cure his pleading's deficiency by amending his Complaint, the Court dismisses his claims without prejudice. *See Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006). That means that Doyle can file a new Complaint. The Court will give him thirty days to do so.

If Doyle decides to file a new Complaint and pursue his claims, he must clearly state which legal claims he intends to bring. He must also provide more factual details to support his claims. While the new Complaint provides some details, Doyle should write a short story explaining who did what to him. The story should include as much detail about the factual background of the case as possible.

---

[2] Given the background principle that pro se filings should be construed liberally, the Court believes that the new Complaint Doyle included in his Response to Defendant's Motion to Dismiss could be deemed an Amended Complaint. But, for the sake of clarity, the Court will refrain from assigning it that label in light of the Court's confusion. Doyle's next Complaint, should he continue to pursue his claims, will be deemed his First Amended Complaint.

Finally, the Court notes that Doyle filed a Motion for Default Judgment. Default judgment is appropriate only where a defendant is "essentially unresponsive." *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). That is not the case here. The ACS removed the action to federal court, then soon after filed a Motion to Dismiss. Given the strong presumption for resolving cases on the merits, the Court denies Doyle's Motion for Default Judgment.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss, ECF 5, is GRANTED;

**ORDERED** that Plaintiff's Complaint, ECF 1-1, is dismissed without prejudice;

**ORDERED** that Plaintiff's Motion for Default Judgment, ECF 13, is DENIED;

**ORDERED** that Plaintiff's Amended Complaint is due on April 21, 2023.

**SO ORDERED.**

DATE: March 22, 2023

                                                  Jia M. Cobb
                                                  U.S. District Court Judge